## In re KAPLAN.

Court of Appeals of District of Columbia.
Submitted March 15, 1928. Decided
May 7, 1928.

No. 2046.

Patents ⬙72(1)—Application for patent for alleged improvement on high speed water turbine wheels held properly denied.

Application for patent of an invention relating to an alleged improvement on high speed water turbine wheels, in which the blades are adjustable on pivots, so as to vary the inlet and outlet of the water supplied by the guide wheel, *held* properly denied for lack of patentability.

Appeal from the Commissioner of Patents.

Application for a patent by Victor Kaplan. From a decision denying the application, petitioner appeals. Affirmed.

J. W. Hazell and Nathaniel Frucht, both of Washington, D. C., and C. H. Howson, of Philadelphia, Pa., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, denying patentability of an invention relating to an alleged improvement on high speed water turbine wheels in which the blades are adjustable on pivots, so as to vary the inlet and outlet of the water supplied by the guide wheel.

The alleged invention is expressed in a single claim, as follows: "A runner wheel for high speed turbines provided with guide vanes, said wheel comprising a plurality of angularly adjustable blades, and means to adjust said blades while the wheel is running so as to vary not only the outlet angles and passages but also the inlet angles and passages of the wheel, to correspond to variations in the supply of water and in the power required."

The reference on which the patent was denied is a patent to one Ludlow, in which a water wheel is disclosed with blades adjustable in practically the same manner as in applicant's wheel. The blades in the Ludlow wheel can be brought in such position that there is a tangential passage of water to the blade surfaces. Ludlow states that one of the objects of his invention is to regulate the capacity of the wheel "to suit the amount of power it is required to give out and the wheel made to work at a less power than its maximum, with the use of a proportionate amount of water only."

Turbine water wheels of high or low speed are old in the art. The means adopted for adjusting the blades to regulate the flow of water and the degree of power imparted is likewise old in the art. It is clear, we think, from the disclosure of Ludlow, that he contemplated the adjustment of the blades in such position that a given volume of water would produce maximum efficiency and operation. Whatever importance he attached to his invention, it is clear, we think, that he disclosed a wheel having adjustable blades, capable of maintaining maximum efficiency of operation and speed of rotation with the variations in the volume of water.

We therefore agree with the conclusion of the Commissioner that "the claim does not define any structure not found in this reference (the Ludlow patent), but specifies that the runner wheel is 'for high speed water turbines.' While Ludlow's water wheel is not of the type now recognized as constituting a high speed turbine, yet it is believed there would be nothing inventive in merely using or adopting this adjustable blade construction for a high speed turbine, a wheel which revolved at a much higher speed than would that of Ludlow."

The means vaguely disclosed by applicant for varying the supply of water is not different from that disclosed by Ludlow, and would seem, therefore, no more effective for the regulation of a particular volume than that disclosed in the prior art.

The decision of the Commissioner is affirmed.